# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JUDY M. MOSLEY, | : | Case No. 1:17-cv-183 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

# DECISION AND ENTRY
# ADOPTING THE REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 13) AND
# TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 31, 2018, submitted a Report and Recommendation. (Doc. 13). Plaintiff filed objections on August 7, 2018. (Doc. 14).

After reviewing the Report and Recommendation, Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken. Plaintiff raises four objections

First, Plaintiff argues that the Magistrate Judge and ALJ erred by not awarding her a closed period of disability based on peripheral artery disease. The Court agrees with the Magistrate Judge that Plaintiff fails to establish she was disabled from July 2013

through July 2014.  Plaintiff has failed to point to any evidence that she was limited to sedentary work during the relevant time period and the physicians who assessed Plaintiff's functional abilities support the ALJ and Magistrate Judge's finding.

Second, Plaintiff makes a wide array of objections to the weight afforded to the opinions of psychologists and doctors in the Report and Recommendation.  (Doc. 14 at 5–10).  These objections are without merit.  As lengthily discussed in the Report and Recommendation, the ALJ provided good reasons for the amount of weight afforded to the opinions of psychologists and doctors and those reasons are substantially supported by the evidence of record.  (Doc. 13 at 13–22).

Third, Plaintiff states that the Magistrate Judge erred in finding that it was not improper for the ALJ to ask hypothetical questions to the vocational expert.  Again, the Court agrees with the Magistrate Judge's finding that "[b]ecause the ALJ appropriately weighed the opinions of Drs. Twehues and Fritzhand, the ALJ's hypothetical questions to the [vocational expert], which incorporated all of the functional limitations that the ALJ found to be credible, were sufficient to convey plaintiff's limitations."  (Doc. 13 at 29).

Fourth, Plaintiff argues that the ALJ and Magistrate Judge erred in the evaluation of Plaintiff's subjective complaints and credibility.  However, as the Report and Recommendation discusses, the ALJ provided several substantiated reasons for the conclusion that Plaintiff's testimony was not entirely credible.  (Doc. 24 at 25–28).  The Court finds that the Magistrate Judge properly gave deference to the ALJ because the ALJ's credibility finding was supported by substantial evidence.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision to deny Plaintiff disability insurance benefits and supplemental social security income is **AFFIRMED**, as that decision is supported by substantial evidence;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:     9/18/18

*Timothy S. Black*
Timothy S. Black
United States District Judge